STATE OF NEBRASKA, EX REL. FRED W. MILLER, V.
E. O. LEWIS, COUNTY CLERK.

FILED NOVEMBER 8, 1893.  No. 6540.

1. Counties: POPULATION: OFFICE OF REGISTER OF DEEDS. Each
   county in this state having a population of 18,003 or more, as
   shown by the last national census, was entitled to elect a regis-
   ter of deeds at the last general election.

2. ———: ———: ———.  A county having less than 18,003 inhab-
   itants at the national census of 1890 was not entitled to elect
   such an officer, even though the state census of 1885 shows it
   possessed more than the above number of inhabitants.

ORIGINAL application for *mandamus.*

*Isham Reavis* and *C. F. Reavis,* for relator.

*Edwin Falloon, contra.*

NORVAL, J.

This was an original application for a peremptory writ
of *mandamus* to compel the respondent, as county clerk of
Richardson county, to include the office of register of deeds
in the notices of election to be issued by him for the gen-
eral election holden in said county in November, 1893.
The cause was submitted upon a general demurrer to the
petition.

The facts alleged are substantially as follows: Relator is
a citizen of the United States and of this state, and is a resi-
dent and elector of Richardson county, and eligible to the

office of register of deeds. Respondent is the duly elected, qualified, and acting county clerk of said county. On the 2d day of October, 1893, relator was nominated by the republican county convention of Richardson county as a candidate for the office of register of deeds in said county, to be voted for at the general election in November 1893. On the 3d day of October, 1893, by the joint action of the democratic and people's independent political parties, one W. S. McGowan was nominated as a candidate for the same office. According to the census of 1885, Richardson county contained a population of 18,688, which was sufficient, under the provisions of the act of the legislature establishing and creating the office of register of deeds, to entitle the county to that office, and in pursuance of which a register of deeds therein was elected at the general election in 1889, and the person thus elected, qualified and entered upon the discharge of the duties thereof. The national census of 1890 shows the population of said county to be 17,573. The respondent, although requested so to do, refused to include in his notices of election the office of register of deeds, on the ground that the population of the county in 1890 was less than 18,003, the number required by law to entitle the county to the office in question.

The state legislature, in 1887, passed an act creating and establishing the office of register of deeds. (Session Laws, 1887, ch. 30.) Section 1 of this act was amended by the legislature of 1889, by extending the term from two to four years. (Comp. Stats., 1889, ch. 18, sec. 77a.) The amended section provides that "at the general election in the year 1889, and every four years thereafter, a register of deeds shall be elected in and for each county having a population of eighteen thousand and three (18,003) inhabitants or more, to be ascertained by the census of 1885, and each state and national census thereafter, who shall give bond, with sufficient sureties thereon, to be approved by the county board, in the penal sum of ten thousand ($10,000)

dollars, conditioned for the faithful performance of his duties, and such register of deeds shall have all the power and perform all the duties relative to all papers, writings and instruments pertaining to real estate heretofore enjoined by law upon county clerks, and shall receive the compensation allowed by law therefor," etc.

It will be seen that, by the census of 1885, Richardson county had a population sufficient to entitle it, under the law, to a register of deeds, but that by the last national census the population of the county fell below 18,003, the minimum number necessary to authorize a county to elect a register of deeds. The contention of the relator is that, inasmuch as the office became established in said county in 1885, it was not abolished by reason of the population of the county, according to the national census of 1890, being less than 18,003. We cannot adopt the construction contended for by the relator. The section above quoted authorizes each county having a population of 18,003 or over to elect a register of deeds; and it was not the intention of the legislature to limit the operation of the section to counties possessing the requisite number of inhabitants at the time the act in question took effect; but the provision was intended to apply only to counties possessing a sufficient population at the period designated in the act for the election of a register of deeds, as shown by the preceding state or national census, to entitle the same to such officer. The lawmakers, whether wisely or not is no concern of ours, fixed the minimum number of inhabitants which would authorize a county to choose a register of deeds, and a county whose population, ascertained in the manner indicated by the act, does not reach such limit, has no power to elect such officer, even though it may have possessed, at some time in the past, the prescribed population. Manifestly this is the meaning of the provision under consideration. This construction not only gives effect to the clause "to be ascertained by the census of 1885, and each state and national census

thereafter," but harmonizes with sections 2 and 3 of the act creating the office of register of deeds. Section 2 declares, in effect, that in each county containing a population of 18,003, or more, and where the offices of register of deeds and county clerk are separate, the county board shall provide office room, fire proof vaults, and necessary books, blanks, stationery, and office furniture for the use of the register of deeds; and by the next section it is provided that in each county having less than 18,003 inhabitants, and until such officers shall be elected and qualified, the county clerk shall be *ex officio* register of deeds. Our conclusion is that Richardson county, according to the census of 1890, did not possess sufficient population to entitle the electors therein to elect a register of deeds at the last general election. The demurrer to the application is sustained and the action

DISMISSED.